[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14863

Non-Argument Calendar

_____

RAJIB HOSSAIN,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A215-975-179

_____

Before JILL PRYOR, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Rajib Hossain, a native and citizen of Bangladesh, petitions for review of the order by the Board of Immigration Appeals ("BIA"), affirming the decision of the Immigration Judge ("IJ"). The IJ's decision denied Hossain's application for asylum. No reversible error has been shown; we dismiss the petition in part and deny the petition in part.[1]

Hossain entered the United States in 2018 and was charged as removable. Hossain later filed an application for asylum. In support of his application, Hossain said he had been persecuted by members of the Awami League (Bangladesh's ruling party) based upon his political opinion. In 2015, Hossain joined the Liberal Democratic Party ("LDP") of Bangladesh and was later promoted to serve as a "publicity editor" for the LDP. On ten or twelve occasions, Hossain (then living in Chittagong) was harassed verbally

---

[1] In his appeal to the BIA, Hossain raised no challenge to the IJ's denial of withholding of removal or the IJ's denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. Those issues are thus not properly before us on appeal. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto."). We dismiss the petition to the extent Hossain seeks to appeal the denial of these forms of relief.

by local members of the Awami League who threatened to kill Hossain unless he agreed to leave the LDP.

Hossain was also attacked physically on two occasions. The first attack happened in May 2017, as Hossain left an LDP event with two other LDP members. Members of the Awami League struck Hossain with sticks and told Hossain to leave the LDP or else they would "finish" him. The attackers fled when Hossain's screams attracted the attention of nearby witnesses. Hossain suffered injuries to his knees and back and received treatment at a local pharmacy. Hossain's two companions suffered no injuries. Hossain never reported the incident to the police.

Hossain was attacked a second time in October 2017, after Hossain delivered a speech critical of the Awami League at an LDP event. Hossain says his attackers hit him with sticks and carried (but did not use) a knife and a gun. The attackers threatened to kill Hossain because of his speech and told him to leave the LDP. The attack stopped when a group of boys chased the attackers with tree branches. Hossain suffered a cut above his eye and was treated in a hospital for one week. Hossain reported the attack to the police, but the officers refused to help for fear of losing their jobs.

Shortly thereafter, Hossain fled to live with his sister in Dhaka, the capital of Bangladesh. Hossain lived in Dhaka for about seven months. During that time, Hossain was never attacked physically but received five or six threatening phone calls from members of the Awami League.

Hossain fled Bangladesh in May 2018 and entered the United States.  Hossain's father has also received many threats from the Awami League.  Nevertheless, Hossain's parents, siblings, wife, and child continue to live unharmed in Bangladesh.

The IJ denied Hossain's application for relief in April 2020.[2] In pertinent part, the IJ determined that the mistreatment Hossain experienced was not sufficiently severe to rise to the level of persecution.  The IJ also determined that Hossain had failed to demonstrate a well-founded fear of future persecution because Hossain failed to establish, among other things, that he could not avoid harm by relocating within Bangladesh.  The BIA affirmed the IJ's decision.

We review only the BIA's decision, except to the extent that the BIA adopts expressly the IJ's decision.  *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).  Because the BIA agreed expressly with parts of the IJ's reasoning in this case, we review the IJ's decision to the extent of that agreement.  *See id.*

The BIA's determination that an applicant is statutorily ineligible for asylum is a factual determination that we review under the "highly deferential" substantial evidence test.  *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001).  Under this test, we "must affirm the BIA's decision if it is 'supported by reasonable,

---

[2] The IJ first denied Hossain's application for relief in June 2019; after an appeal, the BIA remanded the case.  On the present appeal, we review only the IJ's April 2020 denial order.

substantial, and probative evidence on the record considered as a whole.'" *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). In reviewing the agency's decision, we may not "find, or consider, facts not raised in the administrative forum" or "reweigh the evidence from scratch." *Id.* at 1029. Instead, we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027. To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

A non-citizen may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

Substantial evidence supports the BIA's and the IJ's determination that Hossain failed to demonstrate harm constituting past persecution. We consider cumulatively the mistreatment suffered by a petitioner to determine whether it rises to the level of persecution. *See Martinez v. U.S. Att'y Gen.*, 992 F.3d 1283, 1291 (11th Cir. 2021). We have said that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment

or intimidation, and that mere harassment does not amount to persecution." *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alteration omitted) (concluding that repeated threats to petitioner and to her family and the bombing of petitioner's place-of-work amounted to no persecution). Minor physical abuse combined with threats and brief detentions are also insufficient to establish persecution. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009); *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1172, 1174 (11th Cir. 2008).

Here, Hossain experienced cumulatively repeated verbal threats and two brief physical attacks, one of which resulted in injuries treated at a local pharmacy and one of which resulted in a cut above Hossain's eye requiring stitches and hospitalization. This mistreatment (while terrible) is insufficient to compel a finding of past persecution. *See Martinez*, 992 F.3d at 1291-93 (concluding that the record compelled no finding of past persecution when the petitioner, among other things, was beaten by officers, resulting in petitioner's brief loss of consciousness and a cut to petitioner's forehead requiring stitches, and was twice arrested, detained, interrogated, and threatened with torture, imprisonment, and being made to disappear); *Kazemzadeh*, 577 F.3d at 1353 (concluding the record compelled no finding of persecution when petitioner was harassed routinely by government authorities, arrested, interrogated and beaten for five hours, and detained for four days); *Djonda*, 514 F.3d at 1172, 1174 (concluding that threats and a minor beating that resulted in a two-day hospital stay did not constitute persecution).

20-14863　　　　　　Opinion of the Court　　　　　　　7

To show a well-founded fear of future persecution, an applicant must establish that his fear both is "subjectively genuine and objectively reasonable." *See Al Najjar*, 257 F.3d at 1289. "[T]he objective prong can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." *Id.* (quotation omitted). No well-founded fear of persecution exists "if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.13(b)(2)(ii).

Because Hossain has shown no past persecution, he is entitled to no rebuttable presumption of a well-founded fear of future persecution. *See Martinez*, 992 F.3d at 1293; *Al Najjar*, 257 F.3d at 1289. Hossain also conceded that the people who harassed and attacked him were not government actors. Thus, to show a well-founded fear of future persecution, Hossain bears the burden of demonstrating that he could not relocate reasonably within Bangladesh. *See* 8 C.F.R. § 1208.16(b)(2)(ii), (3)(i); *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1330 (11th Cir. 2021) ("When the applicant does not establish past persecution, he 'bear[s] the burden of establishing that it would not be reasonable for him . . . to relocate, unless the persecutor is a government or is government-sponsored.'" (citing 8 C.F.R. § 1208.16(b)(3)(i)). When -- as in this case -- the alleged persecutor is neither a government nor government-sponsored, "we presume that internal relocation would be reasonable,

unless the applicant establishes otherwise by a preponderance of the evidence." *See id.* (citing 8 C.F.R. § 1208.16(b)(3)(iii)).

Substantial evidence supports the BIA's and the IJ's determination that Hossain failed to show a well-founded fear of future persecution. Hossain failed to satisfy his burden of showing that he could not avoid harm by relocating within Bangladesh. Hossain did in fact relocate to Dhaka and lived there unharmed for seven months before traveling to the United States.

In addition, the country conditions reports on Bangladesh evidence no countrywide persecution against LDP members. Contrary to Hossain's assertion on appeal, the IJ discussed expressly the country condition documents submitted by Hossain, including the U.S. State Department's 2018 Human Rights Report for Bangladesh. As the IJ noted, the evidence about the country conditions in Bangladesh included reports of violence and intimidation against members of the Awami League's chief opposition party: the Bangladesh National Party (BNP). The 2018 Country Report, however, included no reports of politically-motivated violence against members of the LDP.

A 2016 document published by the Immigration and Refugee Board of Canada described the LDP as a political party that played a "small and insignificant" role on Bangladesh's national level and that had only a few thousand active members. The 2016 report noted that the LDP had "a stronghold" in Chittagong and "higher visibility" in three areas, including in both Dhaka and Chittagong. The 2016 report stated that the LDP's leader had

complained about government harassment, repression, and revenge, but that no corroborating information about arrests or violence against LDP members could be found "within the time constraints" of the report.

This record -- viewed in the light most favorable to the agency's decision --- does not compel a finding that Hossain has a well-founded fear of future persecution. That Hossain's family continues to live unharmed in Bangladesh (despite also receiving threats from the Awami League) also supports a finding that Hossain's fear of future persecution is not well-founded. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006) (noting that a petitioner's asserted fear of future persecution "was contradicted by his testimony that his son and his parents have remained unharmed in the region of Colombia where [petitioner] allegedly was threatened").

Substantial evidence supports the IJ's and the BIA's decisions that Hossain is statutorily ineligible for asylum, and we are not compelled to reverse those decisions.

PETITION DISMISSED IN PART AND DENIED IN PART.